```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MILES BACON, et al., | CIVIL ACTION NO. 05-4726 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| JOSEPH GLICKSMAN, |  |
| Defendant. |  |

**THE COURT** having ordered the plaintiffs to show cause by June 22, 2006, why the complaint should not be dismissed for lack of prosecution under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure ("Rule") 41(b) (dkt. entry no. 8); and it having appeared that the action had been pending for more than 120 days without the plaintiffs taking any proceedings; and the plaintiffs having been advised that the Court intended to dismiss the complaint unless good cause was shown for the lack of prosecution, see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute); and

**IT APPEARING** that a Court, when deciding whether to dismiss a complaint under Rule 41(b), must balance:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

>    alternative sanctions; and (6) the meritoriousness of
>    the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); and

**THE PLAINTIFFS** failing to (1) respond to the Court's inquiry by June 22, 2006, or (2) prosecute the action for more than 120 days; and thus the Court concluding that the plaintiffs have (1) become personally responsible for the delay, (2) become dilatory, and (3) demonstrated willful conduct; and thus the first, third, and fourth Poulis factors weighing against the plaintiffs; and

**THE COURT** concluding the delay in prosecution has prejudiced the defendant in his defense of this action; and thus the second Poulis factor weighing against the plaintiffs; and the Court affording the plaintiffs — and the plaintiffs failing to take advantage of — the opportunity to proceed; and the Court concluding a sanction other than dismissal will engender more delay and be ineffective; and thus the fifth Poulis factor weighing against the plaintiffs; and the Court, due to the plaintiffs' dilatory conduct, being unable to discern whether the claims herein have merit; and thus the Court deeming the sixth Poulis factor to be neutral; and

**THE COURT** balancing the aforementioned six factors; and it appearing that the complaint should be dismissed for failure to prosecute; and thus the Court intending to (1) grant the order to

show cause, and (2) dismiss the complaint for the plaintiffs' failure to comply with Rule 41(b) and Local Civil Rule 41.1(a); and the Court, as to Local Civil Rule 41.1(a), being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                       s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge